### LUCAS, Plaintiff-Appellant, v. BURT W. KEMMERLING CO., Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22787. Decided October 26, 1953.

Barragate, Wedren, Gottermeyer & Fahrenbach, Cleveland, for plaintiff-appellant.

Conners & Clarke, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law from a judgment directed for the defendant at the close of plaintiff's case. The action is for damages because of the alleged breach of warranty in the sale of a second hand 1945 Dodge truck which the plaintiff purchased from defendant for $600.00. It is alleged by plaintiff that he bought the truck under an oral contract, it being represented to him that said truck was in A-1 condition.

The evidence shows that plaintiff was induced to visit defendant's place of business and purchase said truck because of a newspaper advertisement which offered the truck for sale as a completely reconditioned truck. It is alleged that the truck was not in A-1 condition and that plaintiff was compelled to return it immediately after delivery for repairs to put it in proper condition for which he paid $226.03. He also alleges that he had a contract for the use of said truck but because of its state of disrepair he was unable to use said truck for such purpose for a period of eight weeks to his damage, in not being able to carry out his obligations under said contract in the sum of $480.00.

Upon trial, the plaintiff introduced the newspaper advertisement and told of the oral representations made by defendant's salesman, that is that

the truck was in A-1 condition. He also testified that when he first used the truck it broke down, requiring him to return it to the defendant for repair. He also testified that on two subsequent occasions within a two month period after the purchase, he was compelled to return the truck for further repairs and that on these occasions he agreed to and did pay one-half of the repair bills in the total sum of $226.03.

As a part of the cross-examination of the plaintiff, the defendant introduced into evidence a written contract signed by plaintiff for the purchase of said truck in which it was provided that no verbal agreements would be recognized as modifying the written agreement and no warranty would be recognized unless in writing. The defendant in its answer did not plead the written contract. Its introduction as part of the cross-examination of the plaintiff (where he claimed a verbal contract of purchase) was proper as tending to challenge the plaintiff's credibility. In any event, such written contract, except as it challenged the credibility of plaintiff's testimony, did not materially affect the plaintiff's contention as to the effect of the advertisement as an inducing cause of his purchase of said truck.

In the case of **Meyer v. Packard-Cleveland Co., 106 Oh St 328,** the second paragraph of the syllabus reads as follows:

"2. The language of a written order or contract of sale—'all promises, verbal agreements, or agreements of any kind pertaining to this purchase not specified herein, are hereby expressly waived'—does not exempt such contract from the force and effect of such general advertisement touching the character and quality of a truck in process of rebuilding when such contract was executed."

The plaintiff's evidence in this case shows a complete compromise of any claim for damages as to the value of the truck, by reason of the claimed breach of warranty. Under §8449 GC, one who claims a breach of warranty must pursue one of three remedies:—rescission, recoupment. or counterclaim. Certainly, rescission and recoupment were not claimed, so that the remedy which is here pleaded must be construed as being on the theory of counter-claim. This action is an original one by the buyer seeking damages for breach of warranty so that his damages, if established, would be the difference between the value of the truck, if it had been as represented, and its value as received. The plaintiff having voluntarily agreed to pay, and having paid one-half of the cost of repair on the last two occasions when the truck was returned for repairs, cannot now claim damages for any alleged breach of warranty.

The petition, however, does claim special damages under the provisions of §8450 GC, because of the loss of use caused by the alleged breach of warranty. Some evidence was presented on this question so that the court, in directing a verdict for the defendant, committed error prejudicial to the rights of the plaintiff.

It should be stated for the purpose of guiding the trial court upon retrial, that the amount the plaintiff was to receive for specific trips, less his estimate of the cost of labor and gasoline, to be expended thereon, while it might be some evidence of the damage occasioned by plaintiff's inability to use such truck, yet the better practice should require competent testimony as to the reasonable value of the loss suffered from plaintiff's inability to use said truck because of defendant's breach of any promise inducing the sale.

Judgment of the Municipal Court reversed and cause remanded for further proceedings according to law. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.